AO 106 (Rev. 04/010) Application for Search Warrant     AUTHORIZED AND APPROVED/DATE: Brandon Hale 5/26/2022



MAY 26 2022

# UNITED STATES DISTRICT COURT

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

for the

_____WESTERN_____ DISTRICT OF _____OKLAHOMA_____

| | |
|---|---|
| In the Matter of the Search of )<br><br>A blue in color Nokia cell phone )<br>with a black and silver case, and )<br>a Cricket Galaxy Amp 2 cell phone. ) | Case No: M-22-394-SM |

## APPLICATION FOR SEARCH WARRANT

I, Brian Cunningham, a federal law enforcement officer or attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

See Attachment A, which is incorporated by reference.

Located in the Western District of Oklahoma, there is now concealed:

See Attachment B, which is incorporated by reference.

The basis for the search under Fed. R. Crim.P.41(c) is (*check one or more*):
- ☒    evidence of the crime;
- ☒    contraband, fruits of crime, or other items illegally possessed;
- ☒    property designed for use, intended for use, or used in committing a crime;
- ☐    a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, U.S.C. § 2251(a) | Sexual Exploitation of a Child |
| Title 18, U.S.C. § 2260A | Commission of a Felony Involving a Minor as a Registered Sex Offender |

The application is based on these facts:

See attached Affidavit of Special Agent Brian Cunningham, HSI, which is incorporated by reference.

- ☒    Continued on the attached sheet(s).
- ☐    Delayed notice of [No. of Days] days (*give exact ending date if more than 30 days*) is requested under 18

U.S.C. § 3103a, the basis of which is set forth on the attached sheet(s).

_____
*Applicant's signature*

Brian Cunningham, Special Agent
Homeland Security Investigations

Sworn to before me and signed in my presence.

Date: __May 26, 2022__

_____
*Judge's signature*

City and State:  Oklahoma City, Oklahoma      SUZANNE MITCHELL, U.S. Magistrate Judge

*Printed name and title*

## ATTACHMENT A

### Property to be Searched

The property to be searched is (i) a blue in color Nokia cell phone with black and silver case, seized from the home of Bruce MOORE during a state search warrant, and (ii) a Cricket Galaxy Amp 2 cell phone submitted to investigators by MOORE's wife, Tiffany Moore, after execution of the residential warrant. The SUBJECT DEVICES are currently located at the HSI Evidence Vault located at 3625 N.W. 56th St., Oklahoma City, Oklahoma.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

All records relating to violations of the SUBJECT OFFENSES:

1.      All child pornography and all images of Jane Doe. Records relating to communication with others as to the criminal offense listed above, including incoming and outgoing voice messages; text messages; emails; multimedia messages; applications that serve to allow parties to communicate, including Twitter; all call logs; secondary phone number accounts; and other applications that can assign roaming phone numbers; and other Internet-based communication media;

2.      Records relating to documentation or memorialization of the SUBJECT OFFENSES, including voice memos, photographs, videos, other audio and video media, Exchangeable Image File ("EXIF") data, any other metadata associated with seized photos and videos, device information, geotagging information, and information about the creation date of seized audio and video media.

3.      Records relating to the planning and execution of the criminal offense above, including Internet activity, firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

4.      Application data relating to the SUBJECT OFFENSES;

5.      All bank records, checks, credit card bills, and other financial records;

1

6.      Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

7.      All records and information related to the geolocation of the SUBJECT DEVICES and travel in furtherance of the criminal offense listed above; and

8.      All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to violate the criminal statute listed above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, which may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

2

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Brian Cunningham, a Special Agent with the Department of Homeland Security, Homeland Security Investigations, being first duly sworn, depose and state as follows:

## INTRODUCTION

1.     I have been employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) since December 2010. While employed by HSI, I have been involved in investigations of child exploitation matters and computer crimes against children. I have specific training and experience in numerous methods of investigation, including, but not limited to, electronic and visual surveillance, general questioning of witnesses, the use of search warrants, the use of confidential sources/informants, the use of pen registers, and the use of undercover agents. Based on my training and experience relating to the investigation of child pornography and upon interviews I have conducted with other officers, defendants, informants, and other witnesses and participants in child exploitation, I am familiar with the ways that child pornography is manufactured and distributed. My familiarity includes the various means and methods by which producers of child pornography manufacture and distribute pornography, including their use of cellular telephones and computers.

2.     As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

3.     I am investigating the online activities of Bruce MOORE, who was recently federally indicted for production of child pornography, in violation of 18 U.S.C. § 2251(a), and committing a felony offense involving a minor while a registered sex offender, in violation of 18 U.S.C. § 2260A, collectively referred to as the "SUBJECT OFFENSES."

4.      This Affidavit is made in support of an application for a warrant to search (i) a blue Nokia cell phone with black and silver case and (ii) a Cricket Galaxy Amp 2 cell phone, further described in Attachment A and collectively referred to as the "SUBJECT DEVICES," and seize therefrom the items described in Attachment B, which constitute instrumentalities, fruits, and evidence of the SUBJECT OFFENSES. I have probable cause to believe that the SUBJECT DEVICES contain additional evidence of MOORE'S violation of 18 U.S.C. § 2251(a). MOORE has a prior State child molestation conviction.

5.      The blue Nokia cell phone was seized from MOORE'S residence, located at 326 N. Aydelotte Ave, Shawnee, Oklahoma, on February 19, 2022, during the execution of a state search warrant related to the investigation into MOORE. The Cricket Galaxy Amp 2 was turned over to local law enforcement on February 25, 2022, by MOORE's wife, Tiffany Moore, following the search. The SUBJECT DEVICES are currently secured at the HSI Oklahoma City Field Office, located at 3625 NW 56th St., Oklahoma City, Oklahoma.

6.      The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and a review of documents and records. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant.

**PROBABLE CAUSE**

7.      On February 19, 2022, Pottawattamie County Sheriff's Office (PSCO) Lieutenant Steven Sample received a cyber tip from the National Center for Missing and Exploited Children

2

(NCMEC) of a priority level one case.[1] A priority level one case indicates a current or imminent risk to a child. Twitter, Inc., submitted the cyber tip to NCMEC, which referenced a direct-message chat between the suspect ("@BruceMO75589579") and an unidentified individual, and certain images and videos shared between the suspect and the unidentified individual in said chat.

8.      The cyber tip listed the suspect's phone number as 405-380-4165. Oklahoma State Bureau of Investigations (OSBI) Law Enforcement Criminal Analyst Julie Kindle ran the phone number through a commercially available public records database. The search revealed that phone number 405-380-4165 is owned by an individual named Bruce J. MOORE.

9.      The cyber tip also listed the suspect's associated IP address as 104.56.23.139. Analyst Kindle determined that the IP address belonged to AT&T U-Verse. Pursuant to an exigent request sent by Analyst Kindle, AT&T provided subscriber information related to the IP address, which revealed that the address is assigned to Tiffany Moore. AT&T also provided a physical address associated with the IP address, 326 N. Aydelotte Ave., Shawnee, Oklahoma. According to public records, Tiffany Moore is MOORE'S wife.

10.     As noted, the cyber tip provided images and videos shared by the account @BruceMO75589579 in a direct-message chat with an unidentified individual. The images include two different nude female children. One child has not been identified and the other child was later identified as the minor victim, an approximately three-year-old child referred to herein as Jane Doe, as explained below.  In one image, the minor victim believed to be Jane Doe is seen holding an erect adult penis. Another image shows the minor victim lying nude with her legs spread

---

[1] NCMEC is a non-profit organization that helps law enforcement, families, and the public to help find missing children, reduce child sexual exploitation, and prevent child victimization.

open. A third image shows adult fingers spreading the minor victim's vagina open. In these latter two images, the child's face is visible.

11. Lieutenant Sample contacted HSI for assistance with the investigation. Lieutenant Sample applied for and received an Oklahoma state search warrant for 326 N. Aydelotte, Shawnee, Oklahoma. The search warrant was executed by PCSO and HSI on February 19, 2022. Tiffany Moore, Bruce Moore, and Jane Doe were all inside the home at the time of execution.

12. At the time of the search, Lieutenant Sample and HSI Special Agent Brian Cunningham interviewed Ms. Moore. SA Cunningham informed Ms. Moore that she was not under arrest and did not have to talk to them if she did not want to. Ms. Moore agreed to speak with investigators and identified the child in the Twitter images as being Jane Doe.

13. Deputies and agents searched the house and multiple items were seized as evidence, including a blue Nokia Cell phone with black and silver case, one of the SUBJECT DEVICES.

14. On February 24, 2022, Lieutenant Sample applied and received an Oklahoma state search warrant for the Twitter account @BruceMO75589579. Results received from Twitter, Inc., indicate that the @BruceMO75589579 account is linked to an individual named "Bruce Moore."

15. In response to the search warrant, Twitter also provided images of child pornography sent from the @BruceMO75589579 account. The images match those initially received by law enforcement from the NCMEC cyber tip, namely, explicit images of Jane Doe, whom Tiffany Moore had identified as the minor in the home. Twitter provided images that were previously provided in the cyber tip, including, the images believed to depict Jane Doe. Here is a summary of the images that Twitter provided believed to depict Jane Doe: In one image, a child believed to be Jane Doe is seen holding an erect adult penis of a man with checkered pants. Another

image shows Jane Doe (her face is visible) lying nude with her legs spread open.  A third image shows adult fingers spreading Jane Doe's vagina open (her face is visible). A fourth image shows Jane Doe's mouth near the erect penis of a man in checkered pants (her face is visible). I have seen Jane Doe and recognize her face in those images. These were all images in the Twitter account of "Bruce Moore," a/k/a @BruceMO75589579 contained. Also included in that Twitter account was a photograph of MOORE'S face, which I recognize.

16.     On February 25, 2022, Tiffany Moore requested to speak with PCSO Lieutenant Black.  Lieutenant Black called Tiffany Moore, who informed ~~him~~ her that she had found another phone inside the residence that belonged to MOORE.  The phone is a Cricket Galaxy Amp 2 cell phone, one of the SUBJECT DEVICES. Thereafter, Tiffany Moore provided the Cricket Galaxy Amp 2 cell phone to Lieutenant Black.

17.     On May 12, 2022, Agent Cunningham met with Lieutenant Sample at his office in Shawnee.  Lieutenant Sample provided Agent Cunningham the SUBJECT DEVICES. Agent Cunningham transported the SUBJECT DEVICES to the HSI Oklahoma City ~~office~~ field office, where they were processed and stored according to agency policy.

18.     Based on my training, experience, and research, I know the SUBJECT DEVICES have capabilities that allow them to serve as a wireless telephone, digital camera, and storage device.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device, as well as if the device contains contraband such as child pornography.

**Electronic Storage and Forensic Analysis**

19.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period on devices. This information can sometimes be recovered with forensics tools.

20.     I know that cellular telephones are often equipped with digital cameras and those phones possess the capability to transmit and/or store electronic images. I know that in many cases, cellular telephones maintain photographs of illegal activities. These photos are sometimes stored in cellular phones and often are transmitted or sent from one electronic media device to another. I also know that cellular phones may contain notes regarding potential illegal acts that are recorded by the subject who possesses the electronics. Furthermore, I know that text messages and emails are often used by two or more persons to communicate information regarding illegal activities, between principals and co-conspirators of those crimes.

21.     I know that cellular telephones are utilized by the majority of individuals in the United States and have become a staple of communication between individuals using text messaging, visual and audible communications (telephone calls and FaceTime type communications) as well as applications like Twitter. Additionally, individuals utilize their cellular devices to take and store pictures and keep notes. Communications on phones are kept for long periods and transferred from one phone to another when replaced. This is done through the use of Cloud storage and direct transfer conducted at the time of purchase or by the individual themselves. Individuals utilize this method as not to lose data that is stored on the phone such as contacts,

photos, notes, and other important information to the individual. This data includes contacts used to conduct illegal activities prohibited by the SUBJECT OFFENSES.

22.    Cellular telephones are often used to facilitate offenses and allow criminals to maintain communication with each other before, during, and after the commission of offenses. I am aware that cellular telephones have the capacity to store a vast amount of information, including, but not limited to: telephone numbers, voice messages, text messages, e-mail, photographs, videos, address books, records, phone call histories, contact and other information. This information may be contained on the cellular telephone.

23.    *Forensic evidence.* As further described in Attachment B, this Application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crime described in the warrant, but also forensic evidence that establishes how the SUBJECT DEVICES were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file.

    b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how devices were used, the purpose of their use, who used them, and when.

7

d.      The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.

e.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

24.     *Nature of examination*. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT DEVICES consistent with the warrant. The examination may require authorities to employ techniques (including but not limited to computer-assisted scans of the entire medium) that might expose many parts of the SUBJECT DEVICES to human inspection to determine whether it is evidence described by the warrant.

25.     *Manner of execution*. Because this warrant seeks only permission to examine the SUBJECT DEVICES already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

26.     *Methods of examination*. In conducting this examination, law enforcement personnel may use various methods to locate evidence and instrumentalities of the crime(s) under investigation, including but not limited to undertaking a cursory inspection of all information within the SUBJECT DEVICES. This method is analogous to cursorily inspecting all the files in

a file cabinet in an office to determine which paper evidence is subject to seizure. Although law enforcement personnel may use other methods as well, particularly including keyword searches, I know that keyword searches and similar methods are typically inadequate to detect all information subject to seizure. As an initial matter, keyword searches work only for text data, yet many types of files commonly associated with stored cellular device data, such as pictures and videos, do not store as searchable text. Moreover, even as to text data, keyword searches cannot be relied upon to capture all relevant communications associated with a cellular device, as it is impossible to know in advance all of the unique words or phrases investigative subjects will use in their communications. Consequently, often many communications in cellular device data that are relevant to an investigation do not contain any searched keywords.

### Conclusion

27.     Based on the information above, I submit that there is probable cause for a search warrant authorizing the search of the SUBJECT DEVICES described in Attachment A to seize the items described in Attachment B.

28.     Additionally, I request permission to share this Affidavit and the information obtained from this search with any government agency, including state and local agencies, investigating or aiding in the investigation of this case, and to disclose those materials as necessary to comply with discovery and disclosure obligations in any prosecutions from this matter.


_____
Brian Cunningham
Special Agent
Homeland Security Investigations

9

Subscribed and sworn to before me
on May 26 , 2022

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

### Property to be Searched

The property to be searched is (i) a blue in color Nokia cell phone with black and silver case, seized from the home of Bruce MOORE during a state search warrant, and (ii) a Cricket Galaxy Amp 2 cell phone submitted to investigators by MOORE's wife, Tiffany Moore, after execution of the residential warrant. The SUBJECT DEVICES are currently located at the HSI Evidence Vault located at 3625 N.W. 56th St., Oklahoma City, Oklahoma.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

**Particular Things to be Seized**

All records relating to violations of the SUBJECT OFFENSES:

1.      All child pornography and all images of Jane Doe. Records relating to communication with others as to the criminal offense listed above, including incoming and outgoing voice messages; text messages; emails; multimedia messages; applications that serve to allow parties to communicate, including Twitter; all call logs; secondary phone number accounts; and other applications that can assign roaming phone numbers; and other Internet-based communication media;

2.      Records relating to documentation or memorialization of the SUBJECT OFFENSES, including voice memos, photographs, videos, other audio and video media, Exchangeable Image File ("EXIF") data, any other metadata associated with seized photos and videos, device information, geotagging information, and information about the creation date of seized audio and video media.

3.      Records relating to the planning and execution of the criminal offense above, including Internet activity, firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, records of user-typed web addresses, account information, settings, and saved usage information;

4.      Application data relating to the SUBJECT OFFENSES;

5.      All bank records, checks, credit card bills, and other financial records;

6.      Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the described in this warrant were created, edited, or deleted, such as logs, phone books, saved usernames and passwords, documents, and browsing history;

7.      All records and information related to the geolocation of the SUBJECT DEVICES and travel in furtherance of the criminal offense listed above; and

8.      All records and information related to the coordination, agreement, collaboration, and concerted effort of and with others to violate the criminal statute listed above.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, which may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.